Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

FILED
2008 JUN -6 PM 3:18
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

Attorneys for Plaintiff
Tammara Ivey

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMARA IVEY,<br><br>Plaintiff,<br><br>v.<br><br>CROWN ASSET MANAGEMENT,<br><br>Defendant. | Case No.: '08 CV 1020 JM RBB<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

ORIGINAL

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that

those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. TAMMARA IVEY, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CROWN ASSET MANAGEMENT, ("Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Unless otherwise indicated, these allegations are made on information and belief. Further, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of that defendant named. All allegations are made on information and belief, except those allegations that pertain to the named Plaintiff(s), or to their attorneys, which are alleged on personal knowledge.

//

//

[1] 15 U.S.C. §§ 1692(a)-(e)
[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

## Jurisdiction and Venue

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.
6. This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.
7. Because Defendant does business within the State of California, personal jurisdiction is established.
8. Venue is proper pursuant to 28 U.S.C. § 1391.

## Parties

9. Plaintiff is a natural person who resides in the City of La Mesa, County of San Diego, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).
11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of Duluth, State of Georgia.
12. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).
13. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of himself or herself or

others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

17. Sometime before May 25, 2007, Plaintiff allegedly incurred financial obligations to JC PENNY that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

18. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

20. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before May 25, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21. Plaintiff is informed and believes, and thereon alleges that Defendant engages in a pattern and practice in which it routinely purchases old, defaulted debt in

batches, for which it pays pennies (or less) on the dollar. Defendant then files lawsuits against individuals allegedly indebted on an account to a creditor, which Defendant claims to have purchased directly or indirectly from the creditor. Defendant, however, does not obtain from the original creditor, or from an assignee of the original creditor, admissible evidence demonstrating the amount of the debt allegedly owed by the debtor before filing lawsuits. Defendant also fails to undertake any reasonable investigation into whether a debtor's alleged debt is barred by the Statute of Limitations. Furthermore, Defendant does not obtain admissible evidence of the original agreement or admissible evidence of the chain of ownership of the debts. Plaintiff understands Defendant's practice is to then obtain a default judgment, which is extremely difficult for the debtor to overturn.

22. Defendant's practice enables it to proceed to post-judgment collection regardless of whether it could have proved its case in disputed litigation.

23. On or about May 25, 2007, Defendant, acting as a successor in interest, sought to collect on the alleged debt by filing an action in state court entitled Crown Asset Mangement v. Tammara I. Ivey, Case No.: 37-2007-00059250-CL-CL-EC.

24. The lawsuit filed by Defendant was a "communication" as that term is defined by 15 U.S.C § 1692a(2), and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

25. Defendant knew or should have known that the action had no merit and no evidence existed that IVEY owed this alleged debt. As such, Defendant's actions violated 15 U.S.C. § 1692e(5) in taking action that cannot legally be taken, and 15 U.S.C. § 1692f in constituting an unfair or unconscionable means to collect or attempt to collect the alleged debt. Defendant actions also violated Cal. Civ. Code § 1788.17.

//

26. Defendant knew the alleged evidence it possessed and/or was able to procure during the course of litigation would be insufficient as a matter of law to prove its case at the time of trial. Specifically, Defendant conducted absolutely no investigation into the facts of the underlying state case or as to when the last payment was made by Plaintiff or that no legitimate debt existed.

27. Defendant's failure to conduct any reasonable inquiry into the facts or merits of the allegations violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692f, and 1692f(1). Because this action violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692f, and 1692f(1), it also violated Cal. Civ. Code § 1788.17.

28. Despite Defendant's knowledge, it continued to litigate this case, which was subsequently dismissed by Defendant in April, 2008. Even though Defendant dismissed this action, no notice was ever provided to Plaintiff that the action was dismissed. Based on Defendant's failure to provide any notice of the dismissal, Plaintiff was forced to retain counsel to defend this fivioulous state court action. Counsel for Plaintiff was forced to prepare the case for trial, only to appear and find the case dismissed. Based on the dismissal by Defendant, Plaintiff was the prevailing party in the state court action.

29. Defendant's continued litigation of its meritless claim constituted harassment, oppression, and abuse to Plaintiff in violation of 15 U.S.C § 1692d. Because Defendant's actions violated 15 U.S.C. § 1692d, it also violated Cal. Civ. Code § 1788.17.

30. Plaintiff was also forced to incur legal expenses in defense of this action. This constituted unfair practices in violation of 15 U.S.C. § 1692f. Specifically, Defendant caused Plaintiff to incur charges in defending its meritless lawsuit in violation of 15 U.S.C. § 1692f(1). Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. §§ 1692f and 1692f(1).

//

## Causes of Action Claimed by Plaintiff

### Count I

### Violations Of The Fair Debt Collection Practices Act

### 15 U.S.C. § 1692 et seq.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

33. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

### Count II

### Violation Of The Rosenthal Fair Debt Collection Practices Act

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

36. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

//

//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### TRIAL BY JURY

37. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 6/6/08

Respectfully submitted,
**HYDE & SWIGART**

By: ____________________
Joshua B. Swigart, Esq.
Attorney for Plaintiff

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED
2008 JUN -6 PM 3:13
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

**I (a) PLAINTIFFS**
Tammara Ivey,

**DEFENDANTS**
Crown Asset Management,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Gwinnett
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Joshua B. Swigart (SBN 225557)
411 Camino Del Rio South, Ste. 301
San Diego, CA 92108
Tel: 619-233-7770

**ATTORNEYS (IF KNOWN)**
Unknown

'08 CV 1020 JM RBB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**
Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788-1788.32 (RFDCPA)

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☒ 890 Other Statutory Actions

ORIGINAL

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 DEMAND $ 76000
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 06/05/2008 SIGNATURE OF ATTORNEY OF RECORD

TAE #151705 6/6/08 $350

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 151705 - TC**

**June 06, 2008**
**15:16:30**

**Civ Fil Non-Pris**

USAO #.: 08CV1020
Judge..: JEFFREY T MILLER
Amount.: $350.00 CK
Check#.: BC2433

**Total-> $350.00**

FROM: TAMMARA IVEY
VS.
CROWN ASSET MANAGEMENT